UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAMONT MARCELLE WALKER, #76780 | ) ) ) |
| Plaintiff, | ) 3:11-cv-00080-LRH-VPC ) |
| vs. | ) ) **ORDER** |
| ROMEO ARANAS, *et al.*, | ) ) |
| Defendants. | ) ) |

On April 6, 2011, the court issued a Screening Order allowing certain of plaintiff's claims to proceed and dismissing others (docket #5). On April 18, 2011, plaintiff filed what he has styled a writ of error coram nobis (docket #7). However, as set forth in this motion, plaintiff seeks reconsideration of the Screening Order. Accordingly, the court construes his motion as such.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed

> or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In its order of April 6, 2011, the court directed that plaintiff's Eighth Amendment medical claim shall proceed as to the defendant Nevada Department of Corrections ("NDOC") doctor, but dismissed his medical claims against the NDOC medical director and other NDOC personnel because plaintiff failed to set forth sufficient allegations against those defendants to state a claim for which relief may be granted (docket #5). Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing those defendants should be reversed.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration of this court's Screening Order (docket #7) (docketed as "motion to amend/correct complaint") is **DENIED.**

**IT IS FURTHER ORDERED** that defendant's motion for extension of time to file responsive pleading (docket #9) is **GRANTED**. Defendant shall file his responsive pleading to plaintiff's complaint within thirty (30) days of the date of entry of this Order.

Dated this 18th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE