1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAMONT MARCELLE WALKER,          )
                                 )          3:11-cv-00080-LRH-VPC
          Plaintiff,             )
                                 )
     v.                          )          **REPORT AND RECOMMENDATION**
                                 )          **OF U.S. MAGISTRATE JUDGE**
ROMEO ARANAS, *et al.*,          )
                                 )
          Defendants.            )          June 19, 2012
_____)

11      This Report and Recommendation is made to Larry R. Hicks, United States District Judge.

12  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

13  and LR IB 1-4.  Before the court is defendant's motion for summary judgment (#26).[1]  Plaintiff did

14  not oppose and defendant did not file a reply.  The court has thoroughly reviewed the record and

15  recommends that defendant's motion for summary judgment (#26) be granted.

16                  **I. HISTORY & PROCEDURAL BACKGROUND**

17      Plaintiff Lamont Marcelle Walker ("plaintiff") is a *pro se* litigant who was incarcerated at

18  Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of

19  Corrections ("NDOC") (#6).  Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging

20  deliberate indifference to his serious medical needs, in violation of his Eighth Amendment rights.

21  *Id*.  The facts that give rise to plaintiff's complaint occurred while he was incarcerated at Southern

22  Desert Correctional Center ("SDCC"). *Id*.  Plaintiff names SDCC Dr. Romeo Aranas, Warden Brian

23  Williams, NDOC Medical Director Robert Bannister, NDOC Medical Review Group, and Nevada

24  State Attorney General Catherine Cortez Masto as defendants. *Id*.  In his request for relief, plaintiff

25

26

27

28      [1]      Refers to the court's docket number.  The court granted defendant's motion for leave to file
     exhibits under seal and the exhibits have been filed accordingly (#32 (*sealed*)).

1 seeks monetary compensatory damages and injunctive relief.[2]   Plaintiff's remaining claim after

2 screening is his Eighth Amendment medical indifference claim against Dr. Aranas (#5).[3]  Defendant

3 Aranas ("defendant") moves for summary judgment (#26).

4        Plaintiff claims the following: from January 2007 through September 2010, he repeatedly

5 sought treatment for a tumor on his head (#6, p. 3).  The tumor continued to grow and caused

6 increasing pain including "headaches, possible symptoms of [a] brain tumor."  *Id*.  Defendant

7 evaluated the mass, and told plaintiff that it may be a "fatty tumor."  *Id*. at 4.  Defendant further

8 stated he would not recommend surgery on the tumor to the Medical Review Group, because

9 surgery was unnecessary and cosmetic.  *Id*.  Plaintiff alleges that defendant was deliberately

10 indifferent to his serious medical need in violation of his Eighth Amendment rights.

11        The court now recounts the relevant treatment plaintiff received from January 2007 to August

12 2011, while plaintiff was incarcerated at SDCC.  On January 22, 2008, plaintiff had a physical

13 examination at SDCC, where it was determined that plaintiff had a lipoma, measuring five

14 centimeters by six centimeters over the left lobe of the brain (#32-2, Ex. 2,  p. 0002 (*sealed*)).[4]  On

15 January 4, 2009, plaintiff sent a medical kite to NDOC staff requesting that his "cyst" be drained

16 because it was "getting bigger and bigger" (#32-6, Ex. 6, p. 0027 (*sealed*)).  In response, defendant

17 examined plaintiff on January 16, 2009 (#32-8, Ex. 8, p. 0046 (*sealed*)).  Defendant determined that

18 the mass on plaintiff's head was lipoma, and recommended that plaintiff "leave it alone for now."

19 *Id*.

20        From May 2009 through June 2009, plaintiff sent medical kites to NDOC requesting

21 treatment for migraine headaches for which he was seen and given medication by both defendant and

22

23        [2]      "When an inmate is released from prison or is transferred to another prison and there is no
reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions
24 from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot." *Dilley*
*v. Gunn,* 64 F.3d 1365, 1368-69 (9th Cir. 1995).
25

26        [3]      Pursuant to 28 U.S.C. § 1915A, the court dismissed all claims against defendants Williams,
Bannister, NDOC Medical Review Board, and Masto (#5).

27        [4]      "A lipoma is a benign tumor composed chiefly of fat cells." *Lomax v. Canalas*, 2009 WL
5199395, 2, n.1 (S.D. Cal. 2009) (citing *Stedman's Medical Dictionary* (6th Ed. 1995); *see also*
28 http://medicaldictionary.thefreedictionary.com/lipoma.

1   Dr. Sanchez (#32-6, Ex. 6, pp. 0023-0024 (*sealed*)); (#32-8, Ex. 8, p. 0045 (*sealed*)).

2   On August 21, 2009, defendant examined plaintiff after plaintiff complained about the mass

3   on his head (#32-8, Ex. 8, p. 0045 (*sealed*)).  Defendant again determined that plaintiff's mass was

4   probably lipoma, and planned to leave it alone.  *Id*.  On January 31, 2010, plaintiff sent a medical

5   kite to NDOC staff requesting to see a specialist regarding the "cyst that's constantly growing on the

6   back of [plaintiff's] head" (#32-5, Ex. 5, p. 0020 (*sealed*)).  Plaintiff further stated in the kite that

7   "[i]t's not a fatty tumor, tumors are solid and hard, this is soft and movable."  *Id*.  Dr. Sanchez

8   evaluated plaintiff on February 16, 2010, and determined that the mass was "lipoma/cyst-scalp"

9   (#32-8, Ex. 8, p. 0040 (*sealed*)).

10   On February 23, 2010, plaintiff sent a medical kite to NDOC requesting "to see a specialist

11   concerning this cyst knot on my head... and I am still waiting to see a neurologist, I have massive

12   headaches and migraines constantly. [Plaintiff] need[s] help" (#32-4, Ex. 4, p. 0017 (*sealed*)).

13   Defendant examined plaintiff on March 12, 2010 (#32-8, Ex. 8, p. 0039 (*sealed*)).  In defendant's

14   notes from the visit, defendant indicated that the mass was probably lipoma, and that the Utilization

15   Review Committee ("URC") would not approve a referral for removal of the mass.  *Id*.

16   Nevertheless,  defendant referred the matter for possible surgery on March 22, 2010, and the URC

17   denied the request on March 23, 2010 (#32-10, Ex. 10, p. 0055 (*sealed*)).  Dr. Sanchez notified

18   plaintiff of the URC's decision during a medical visit on May 12, 2010 (#32-8, Ex. 8, p. 0038

19   (*sealed*)).

20   On June 20, 2010, plaintiff sent a medical kite to NDOC stating "[m]y request to see a

21   specialist concerning these massive headaches and migraines that I be [sic] having and also this large

22   golf ball size knot on the back of my head that be [sic] causing these pains" (#32-4, Ex. 4, p. 0012

23   (*sealed*)).  Dr. Sanchez examined plaintiff on July 13, 2010, and prescribed migraine medication.

24   *Id*.  Dr. Sanchez did not indicate that the mass on the back of plaintiff's head had any causal

25   connection to the migraines plaintiff had been experiencing.  *Id.*

26   On October 11, 2010, Dr. Sanchez requested that the URC approve an outside surgical

27   evaluation (#32-10, Ex. 10, p. 0053 (*sealed*)).  The URC approved the request and Dr. Walker

28   examined plaintiff on November 8, 2010 (#32-8, Ex. 8, p. 0046 (*sealed*)).  Later that day, Dr.

1   Timothy King, an outside medical consultant, also examined plaintiff, determined that the mass on

2   the back of the plaintiff's head was lipoma, and recommended excision (#32-10, Ex. 10, p. 0053

3   (*sealed*)).   Upon reviewing this recommendation, Dr. Gedney, an NDOC physician, noted that

4   removal of lipoma was an elective procedure, and that plaintiff could return if interested in a

5   revaluation. *Id.*  Plaintiff was no longer incarcerated after August 1, 2011 when his sentence expired

6   (#26-1, Ex. 1, pp. 0061-0062).

7        Defendant filed a motion for summary judgment on February 29, 2012 (#26).  Defendant

8   argues that summary judgment is appropriate because plaintiff failed to show that defendant acted

9   with deliberate indifference to a serious medical need. *Id* at 11.  Furthermore, defendant argues that

10  he is entitled to qualified immunity, and that plaintiff's claim for injunctive relief is mooted by his

11  release from prison. *Id.* at 17, 18.  In support of his argument, defendant attaches NDOC medical

12  records, plaintiff's progress notes, medical kites, physicians' orders, and URC requests (#32, p. 2

13  (*sealed*)).[5]

14       On March 1, 2012, the court issued its standard order pursuant to *Klingele v. Eikenberry,* 849

15  F.2d 409 (9th Cir. 1988), informing plaintiff of his rights and responsibilities in responding to

16  dispositive motions (#27).  The court *sua sponte* granted plaintiff an extension of time until April

17  20, 2012 (#30).  To date, plaintiff has failed to file an opposition to defendant's motion for summary

18  judgment and has failed to request additional time in which to do so.  Local Rule 7-2 states that, "the

19  failure of an opposing party to file points and authorities in response to any motion shall constitute

20  a consent to the granting of the motion."  Notwithstanding plaintiff's failure to oppose, the court

21  reviews defendant's arguments in his motion for summary judgment.

22  The court notes that the plaintiff is proceeding in *pro se.*  "In civil rights cases where plaintiffs are

23  proceeding in *pro se*, the court must construe the pleadings liberally and must afford plaintiff the

24  benefit of any doubt." *Karim-panahi v. Los Angeles Police Dep 't,* 839 F.2d 621, 623 (9th Cir1988);

25  *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

26

27      [5]    Defendant submits NDOC Health Information Director Karen Walsh's declaration
    authenticating Exhibits 2-10 (#32-1, pp. 1-8 (*sealed*)).  Ms. Walsh's declaration also summarizes plaintiff's
28  medical records and reports. *Id.*

## II.  DISCUSSION AND ANALYSIS

**A.      Discussion**

**1.        Summary Judgment**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B.      Analysis - Deliberate Indifference to a Serious Medical Need**

A prisoner's claim of inadequate medical care arises under the Eighth Amendment. The

1   unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the

2   Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  To prevail on an action alleging

3   cruel and unusual punishment, a plaintiff's case must satisfy an objective standard – that the

4   deprivation was serious enough to amount to cruel and unusual punishment, and a subjective standard

5   – deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wilson v. Seiter*,

6   501 U.S. 294, 297-304 (1991).  A prison official violates the Eighth Amendment when he responds

7   with deliberate indifference to an inmate's serious medical need. *Farmer*, 511 U.S. at 834.

8         The objective requirement of a "serious medical need" is met if the failure to treat a prisoner's

9   condition could result in further significant injury or the "unnecessary and wanton infliction of pain."

10  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble* 429 U.S. 97, 104

11  (1976)).   In the Ninth Circuit, serious medical needs include "the existence of an injury that a

12  reasonable doctor or patient would find important and worthy of comment or  treatment; the presence

13  of a medical condition that significantly affects the individual's daily activities; or the existence of

14  chronic and substantial pain." *Lopez v. Smith* 203 F.3d 1122, 1131 (9th Cir. 2000).  Here, plaintiff

15  fails to establish that the lipoma/cyst on the back of his head constitutes a serious medical need.

16  Plaintiff merely assumed that he had a malignant tumor rather than lipoma (#6, p. 3).  Additionally,

17  plaintiff associated the pain from his migraines with the lipoma/cyst, however, no such connection

18  is established in the medical record.  The medical record gives no indication that the lipoma on

19  plaintiff's head constituted a serious medical need, nor does it indicate that the lipoma continued to

20  grow as plaintiff claimed (#32-8, Ex. 8, pp. 0046, 0045, 0039 (*sealed*)).  In fact, the medical record

21  indicates that the lipoma/cyst decreased in size (#32-10, Ex. 10, p. 0053 (*sealed*)).  Plaintiff also fails

22  to show that failure to remove the lipoma/cyst resulted in further significant injury or any unnecessary

23  infliction of pain.

24        Along with showing a serious medical need, plaintiff must show defendant acted with

25  deliberate indifference towards such medical need. *Farmer*, 511 U.S. at 834.  The standard for

26  deliberate indifference in the Ninth Circuit is that it must be substantial.   Mere indifference,

27  negligence or medical malpractice will not suffice. *Broughton v. Cutter Laboratories*, 622 F.2d 458,

28  460 (9th Cir.1980), citing *Estelle*, 429 U.S. at 105-106.  To prove deliberate indifference, plaintiff

6

1   must show that prison staff denied, delayed or intentionally interfered with medical treatment or that

2   the way prison staff provided medical care indicates deliberate indifference, and that plaintiff

3   sustained damages as a result of such conduct. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th

4   Cir. 1988).

5        Even if plaintiff's lipoma/cyst was a serious medical need, defendant did not act with

6   deliberate indifference towards plaintiff's need.  In response to nine medical kites seeking medical

7   attention while at SDCC, plaintiff received medical treatment eleven times (#32-8, Ex. 8, pp. 0046,

8   0045, 0044, 0040, 0039, 0038 (*sealed*)); (#32-7, Ex. 7, p. 0035 (*sealed*)).  In each medical visit,

9   medical staff determined that the mass on plaintiff's head was a lipoma/cyst.  In addition to the eleven

10  visits, defendant also  requested the URC allow an outside surgical consultation for plaintiff's

11  lipoma/cyst and the URC denied the request (#32-10, Ex. 10, p. 0055 (*sealed*)).  Dr. Sanchez also

12  requested an outside surgical consultation which was granted (#32-10, Ex. 10, p. 0053 (*sealed*)).  Dr.

13  King, an outside consultant, opined that the mass on plaintiff's head was lipoma and recommended

14  excision. *Id*.  After assessing Dr. King's diagnosis, Dr. Gedney determined surgery was not warranted

15  because the removal of a lipoma is an elective procedure. *Id*.

16       Plaintiff received treatment for his migraines even though the record shows no relation

17  between the lipoma/cyst and the migraines.[6]  Plaintiff stated that the prescribed migraine medication

18  alleviated pain (#32-8, Ex. 8, p. 0044 (*sealed*)).  The medical records indicate defendant and other

19  NDOC staff were responsive to plaintiff's medical concerns.  Though plaintiff continued to disagree

20  with NDOC medical staff over the diagnosis and treatment of the lipoma/cyst, this merely amounts

21  to a difference of medical opinion.  Prison staff does not violate the Eighth Amendment because their

22  medical opinions and assessments conflict with the opinion of the patient inmate. *Franklin v.*

23  *Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  Even if a disagreement over a diagnosis is the result

24  of negligence on behalf of prison staff, such negligence would still be insufficient to establish

25  deliberate indifference to a serious medical need. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th

26

27       [6]     Plaintiff associated the pain from his migraines with the lipoma/cyst. Defendant treated the

28  plaintiff's pain.  However, the medical records do not show any causal connection between the lipoma/cyst
    and the migraines.

7

1    Cir. 1990).        The court finds no evidence that defendant was deliberately indifferent to plaintiff's

2    serious medical need.   Rather, the evidence shows that defendant was responsive to plaintiff's

3    medical requests, and treated the lipoma/cyst accordingly.  Specifically, the records show that NDOC

4    medical staff and outside physicians examined or treated plaintiff thirteen times in regard to the

5    lipoma/cyst while he was incarcerated at SDCC (#32 (*sealed*)).   Therefore, he fails to show that

6    defendant is liable for medical deliberate indifference because plaintiff did not receive surgery.[7]

7    Plaintiff cannot avoid summary judgment simply by relying on conclusory allegations unsupported

8    by factual data.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1980).  Plaintiff fails to show that his

9    medical need was serious and presents no evidence of defendant's alleged indifference towards his

10   medical needs.  As a result, summary judgment should be granted.[8]

### III. CONCLUSION

12       Based on the following and for good cause appearing, the court concludes that defendant met

13   his burden of proving that there are no genuine issues of material fact for trial.  As such, the court

14   recommends that defendant's motion for summary judgment (#26) be **GRANTED** as to plaintiff's

15   Eighth Amendment claims against defendant Dr. Aranas.

16     The parties are advised:

17       1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and rule IB 3-2 of the Local Rules of Practice, the

18   parties may file specific written objections to this report and recommendation within fourteen days

19   of receipt.   These objections should be entitled "Objections to Magistrate Judge's Report and

20   Recommendation" and should be accompanied by points and authorities for consideration by the

21   District Court.

22       2. This report and recommendation is not an appealable order and any notice of appeal

23   pursuant to Fed R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

24

25       [7]      Additionally, plaintiff has failed to establish that defendant is responsible for any decisions
26   made by the URC regarding the possible removal of the lipoma/cyst (#6, p. 3).

27       [8]      Because the court recommends granting summary judgment based on plaintiff's failure to
     demonstrate that defendant acted with deliberate indifference to a serious medical need, the court does not
28   reach the issue of qualified immunity.

1

2                          **IV. RECOMMENDATION**

3          **IT IS THEREFORE RECOMMENDED** that defendant's motion for summary judgment

4   (#26) be **GRANTED.**

5          **DATED**: June 19, 2012.

6

7          _____

8                          **UNITED STATES MAGISTRATE JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9